UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 1:24-cv-22076

YOLANDA LOPEZ

    Plaintiff

vs.

CITY OF OPA-LOCKA, JOHANE TAYLOR, and GABRIELA LLANES

    Defendants.
_____/

## COMPLAINT

Plaintiff YOLANDA LOPEZ ("LOPEZ") through undersigned counsel, sues the CITY OF OPA LOCKA and CITY OF OPA LOCKA Police Officers JOHANE TAYLOR and GABRIELA LLANES based on False Arrest, Malicious Prosecution, Excessive Force and Civil Rights Violations and states as follows:

## INTRODUCTION

On October 1st, 2022, Plaintiff Yolanda Lopez was innocently standing on public property in front of the former Opa Locka Flea Market after her and husband had been thrown on the street and forced to close their family business. The Opa Locka Police Officers, who were on duty and in uniform, brutally attacked her and threw her to floor and repeatedly stun gunned her as Yolanda was actually calling 911 to complain about police misconduct.

While Yolanda was calling 911 to complain about the police misconduct, an Opa Locka Police Officer with the assistance of a police sergeant with whom she was romantically involved, struck, and threw Yolanda on the ground and repeatedly stun gunned her as she was pleading for mercy.  This Federal Civil Rights and State law tort action arises from the false arrest, stun gunning and beating of Yolanda Lopez on October 1, 2022, by Defendants Opa-Locka Police Officers Johane Taylor and Gabriela Llanes.  Plaintiff files this action seeking monetary, declaratory, and injunctive relief, including damages stemming from these officers' excessive force used while illegally arresting Yolanda Lopez and tased her and physically assaulted her for no reason.

## JURISDICTION AND PARTIES

1. This is an action for damages exceeding $75,000.00, not including costs, attorney's fees, and prejudgment interest.

2. The claims asserted arise pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution, and the laws of the State of Florida. This Court has jurisdiction to hear all claims contained in this action.

3. This court has original jurisdiction over claims brought pursuant to 42 U.S.C. § 1983 and concurrent subject matter jurisdiction over the claims brought pursuant to Florida law.

4. Venue is properly in Miami-Dade County, Florida because it is where all the parties reside and where the events complained of occurred.

5. Plaintiffs have performed all conditions precedent, in accordance

with §768.28(6), Florida Statutes, and all other requirements, before bringing this action. All conditions precedent have otherwise occurred, been performed, been met, been waived, would be futile, or are otherwise inapplicable.

6. This complaint is based on the individual and concerted conduct of the named Defendants in using the police power of the State of Florida to deprive Lopez of her constitutional and civil rights. The Defendants' conduct, individually and jointly, made under color of law, violated the rights of Lopez under the Fourth and Fourteenth Amendments to the United States Constitution as well as the statutes and laws of Florida.

7. At all times material to this action, all Defendants acted under color of state or local law.

## PARTIES

8. Plaintiff YOLANDA LOPEZ (hereinafter the "Plaintiff" or "Lopez") is a resident of Miami Dade County Florida and is otherwise sui juris.

9. At all relevant times, Defendant CITY OF OPA-LOCKA ("City") is and was a duly organized public entity existing under the laws of the State of Florida. At all relevant times, City was the employer of Defendant Officer Johane Taylor and Sgt. Gabriela Llanes.

10. At all relevant times, Defendant Officer Johane Taylor was a duly authorized employee and agent of City, who was acting under color of law within the course and scope of his duties as a police officer and with the complete authority and ratification of his principal, Defendant City. Officer Taylor is a citizen of the State of Florida residing in Miami-Dade County and is over the age

of 18 years.

11. At all relevant times, Defendant Llanes was a duly authorized employee and agent of City, who was acting under color of law within the course and scope of her duties as a police officer and with the complete authority and ratification of his principal, Defendant City. Sgt. Llanes is a citizen of the State of Florida residing in Miami-Dade County and is over the age of 18 years.

12. The causes of actions contained in this complaint occurred and accrued in Miami-Dade County, Florida, in the Southern District of Florida.

## RELEVANT FACTS COMMON TO ALL COUNTS

13. The now defunct Opa-Locka Flea Market at 12705 NW 42nd Avenue Opa-Locka, Florida 33054, at all times relevant was the place of arrest of Plaintiff Lopez.

14. Lopez was standing on the corner outside of the Opa-Locka Flea Market in a public right of way after her and her husband had their business evicted from the Flea Market.

15. Lopez was simply minding her own business and attempting to pass out flyers to notify her customers of her new location.

16. Officer Gabriela Llanes was in uniform and working as a City of Opa Locka Police Officer.

17. Plaintiff Yolanda Llanes began to be harassed by Officer Llanes and the Opa Locka Police.

18. Plaintiff then called the Miami Dade County 911 police emergency phone line to seek assistance from Llanes and the Opa Locka police harassment

and violations of her First Amendment Rights.

19. As the Plaintiff was on the phone with 911, Defendant Llanes, acting in uniform as a Opa Locka Police Officer, detained and arrested her with no probable cause.

20. In the process, Officer Llanes both physically injured and mentally traumatized the Plaintiff.

21. Opa Locka Police Sergeant Johane Taylor arrived on the scene and physically assisted in the illegal detention and arrest of the Plaintiff, causing her both physical injury and psychological trauma.

22. After brutally assaulting and battering the Plaintiff with no probable cause, Llanes and Taylor then stun gunned her multiple times while she laid helpless on the floor and screaming for mercy.

23. Lopez was tased and physically assaulted for no reason.

24. The Plaintiff was taken into custody with no probable cause or reasonable suspicion that she committed any crimes.

25. Lopez was arrested and later transported to Jackson Hospital for further medical treatment and evaluation.

26. The Plaintiff was then transported to jail having been beaten, stun gunned and falsely arrested.

27. Because there was never any reason to detain, the charges against the Plaintiff were dismissed as having no merit.

**CAUSES OF ACTIONS AGAINST SGT. LLANES AND TAYLOR**

**COUNT I – False Arrest — Under 42 U.S.C. § 1983, Fourth Amendment, and Fourteenth Amendment**
**(Against Llanes and Taylor)**

28. Plaintiff realleges paragraphs 1 through 27.

29. By placing Lopez in handcuffs and transporting her to the County Jail, Defendants arrested her.

30. At the time of the arrest, no reasonable police officer could have believed that there was probable cause to believe Lopez committed any criminal offense.

31. Prior to arresting Lopez, Defendants did not have any reasonable articulable suspicion that would authorize the detention of Plaintiff for any reason or length of time.

32. The actions of each Defendant were the proximate cause of Plaintiff's arrest.

33. Defendant Llanes and Taylor conduct caused Lopez's injuries and mental anguish.

34. Defendant Llanes and Taylor acted under color of law and as employees of the Opa-Locka Police Department in committing the conduct identified in this Count.

35. Defendant Llanes and Taylor unlawful Arrest was willful, reckless, callous, intentional, and malicious in derogation of the decedent's rights under federal and state law.

36. By reason of the acts, omissions, wrongs, and other conduct perpetrated by Llanes and Taylor individually, severally, and collectively, in

depriving Lopez of valuable constitutional rights, it was necessary for the Plaintiff to retain the services of legal counsel to secure redress for the deprivation of Lopez's constitutional rights. Thus, the Plaintiff incurred substantial and reasonable attorney's fees and costs and is entitled to recover pursuant to 42 U.S.C. §1988 and under Florida law.

For these reasons, Lopez demands judgment in excess of Seventy-Five Thousand Dollars ($75,000.00) against the Defendants for damages, punitive damages, prejudgment interest on liquidated damages as allowed by law, costs of this action, reasonable attorney's fees, and any other relief this Court deems just and proper.

### COUNT II – Excessive Force — Under 42 U.S.C. § 1983, Fourth Amendment, and Fourteenth Amendment
### (Against Llanes and Taylor)

37. Plaintiff realleges paragraphs 1 through 27.

38. The tasing and physical assault on a female who was unable to move, was not accused of committing a crime, posed no threat of immediate harm, and was not arrested for any lawful basis, by an army of officers, is shocking to the conscience.

39. Defendant Llanes and Taylor committed acts that violated Lopez's constitutional rights, including but not limited to, the right not to be subjected to excessive or unreasonable force, the right not to be subjected to unreasonable searches and seizures, the right to bodily integrity, the right to freedom of movement, and the right to terminate a police encounter not premised on reasonable suspicion or probable cause, and the right not to be subjected to

warrantless and nonconsensual entry into her home in the absence of lawful exigent circumstances.

40. Defendant Llanes and Taylor conduct caused Lopez's injuries and mental anguish.

41. Defendant Llanes and Taylor use of excessive force while executing the illegal arrest of Lopez was willful, reckless, callous, intentional, and malicious in derogation of the decedent's rights under federal and state law.

42. The use of excessive force was done with callous and deliberate indifference to Lopez's federally and state protected right to be free from excessive use of force.

43. Defendant Llanes and Taylor acted under color of law and as employees of the Opa-Locka Police Department in committing the conduct identified in this Count.

44. As a direct and proximate result of Llanes and Taylor's violation of Lopez's civil rights, Lopez suffered damages, including mental anguish, bodily injury, pain and suffering, and humiliation.

45. The force used to effectuate Lopez's arrest is the proximate cause of her physical and mental injuries.

46. By reason of the acts, omissions, wrongs, and other conduct perpetrated by Llanes and Taylor individually, severally, and collectively, in depriving Lopez of valuable constitutional rights, it was necessary for the Plaintiff to retain the services of legal counsel to secure redress for the deprivation of Lopez's constitutional rights. Thus, the Plaintiff incurred substantial and

reasonable attorney's fees and costs and is entitled to recover them from Defendants pursuant to 42 U.S.C. §1988 and under Florida law.

For these reasons, Lopez demands judgment in excess of Seventy-Five Thousand Dollars ($75,000.00) against Defendants for damages, punitive damages, prejudgment interest on liquidated damages as allowed by law, costs of this action, reasonable attorney's fees, and any other relief this Court deems just and proper.

### COUNT III - Assault and Battery
### (Against Llanes and Taylor)

47. Plaintiff realleges paragraphs 1 through 27.

48. Defendants Llanes and Taylor committed acts intended to cause Lopez an apprehension of harmful or offensive contact.

49. Defendants Llanes and Taylor committed acts that caused apprehension in Lopez that harmful or offensive contact was imminent.

50. Lopez suffered a harmful and offensive contact when tasered, dropped to the ground, and bruised up Llanes and Taylor.

51. Defendants Llanes and Taylor were acting in the scope and furtherance of their employment as law enforcement officers.

52. Defendants Llanes and Taylor acted intentionally, in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

53. As a direct and proximate result of Llanes and Taylor's conduct, Lopez suffered damages, including bodily injury, pain and suffering, humiliation, loss of earnings, and loss of ability to earn money. The losses are permanent.

For these reasons, Lopez demands judgment against Defendants Llanes and Taylor for compensatory damages, punitive damages, prejudgment interest on liquidated damages as allowed by law, costs, and such other and further relief as the Court deems appropriate.

### COUNT IV - **False Imprisonment Claim**
### **(Against Taylor and Llanes)**

54. Plaintiff realleges paragraphs 1 through 27.

55. Defendants Llanes and Taylor did not have reasonable suspicion or probable cause to seize or arrest Lopez.

56. Defendants Llanes and Taylor did not have warrant to seize or arrest Lopez.

57. Defendants Llanes and Taylor were acting in the scope and furtherance of their employment.

58. Defendants Llanes and Taylor acted intentionally, in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

59. As a direct and proximate result of Defendants Llanes and Taylor' conduct, Lopez suffered damages, including, bodily injury, pain and suffering, humiliation, loss of earnings, and loss of ability to earn money. The losses are permanent.

For these reasons, Lopez demands judgment against Defendant Llanes and Taylor for compensatory damages, prejudgment interest on liquidated damages as allowed by law, punitive damages, costs, and such other and further relief as the Court deems appropriate.

## CAUSES OF ACTION AGAINST CITY OF OPA-LOCKA

### COUNT V - **Federal Civil Rights Violations**
### **(Against City of Opa-Locka)**

60. Plaintiff realleges paragraphs 1 through 27.

61. Defendants Llanes and Taylor committed acts that violated Lopez's constitutional rights.

62. Defendants Llanes and Taylor have not been disciplined for their unnecessary and excessive use of force.

63. The actions and inactions of Defendant City of Opa-Locka and Defendants Llanes and Taylor were done pursuant to one or more of the following *de facto* policies, practices, and/or customs of the City that are so pervasive as to carry the force of law.

64. The City has a *de facto policy*, practice, and/or custom of concealing and/or suppressing officer misconduct (both on-duty and off-duty misconduct), including the use of unlawful force and unlawful seizures. The concealment and suppression of the existence of misconduct includes, but is not limited to: failure to sufficiently investigate allegations of misconduct; failure to accept and act on citizen complaints against police officers; failure to investigate criminal conduct involving off-duty or on-duty officers; disparate treatment between an officer who is the subject of an investigation and a non-officer suspect; failure to promptly record witness statements or preserve evidence; failure to promptly interview the suspected officer; failure to properly and sufficiently discipline an officer, even when a complaint is sustained; fabrication of exculpatory evidence or destruction of evidence; and failure to initiate prompt disciplinary procedures related to the

alleged misconduct, even when the allegation of misconduct is meritorious.

65. Likewise, the City has a *de facto* policy, practice, and/or custom of deficient and biased procedures for investigating complaints, including excessive force and unlawful searches and seizures against on-duty officers.

66. The City has a *de facto* policy, practice, and/or custom of failing to maintain accurate and complete records of complaints and investigations of misconduct.

67. The City has a *de facto* policy, practice, and/or custom of failing to turn over and disclose complete records of complaints and investigations of misconduct.

68. Further, the City acted in a manner consistent with a *de facto* policy, practice, and/or custom of a "code of silence" and "blue shield" when it engaged in conduct such as the illegal acts taken against the Plaintiff.

69. The City and its Police Department supervisors and superiors knew its officers were initiating unlawful searches and seizures as well as using excessive force against Opa-Locka citizens and residents. It took no actions to train or discipline its police officers.

70. Individually and collectively, the above described *de facto* policies, practices, and/or customs of the City proximately result in the culture and pervasive attitude among members of the Opa-Locka Police Department, including Defendants Llanes and Taylor, that they may engage in misconduct against citizens, residents, and others with impunity, and without fear of official consequence. Its police officers consider themselves "above the law."

71. The aforementioned *de facto* policies, practices, and/or customs of the City, individually and collectively, have been maintained and/or implemented with utter indifference by the City and has or have encouraged and/or motivated Defendants Llanes and Taylor to engage in the described conduct and wrongful acts against Lopez, and therefore acted as the direct and proximate cause of the injuries sustained by the plaintiff.

72. The aforementioned *de facto* policies, practices, and/or customs of the City, individually and/or collectively, was the moving force behind Defendants Llanes and Taylor' described conduct, depriving Lopez of her Fourteenth Amendment substantive due process right to bodily integrity.

73. The above acts and/or omissions of the City violated Lopez's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

74. As a direct and proximate result of City's conduct, Lopez was subjected to injury, including deprivation of her civil rights and a battery. Lopez suffered damages, including mental anguish, bodily injury, pain and suffering, humiliation, embarrassment, loss of earnings, and loss of ability to earn money. The losses are permanent.

For these reasons, Lopez demands judgment against the City for compensatory damages, prejudgment interest on liquidated damages as allowed by law, punitive damages, costs, attorney's fees, and such other and further relief as the Court deems appropriate.

### COUNT VI - Assault and Battery
### (Against City of Opa-Locka)

75. Plaintiff realleges paragraphs 1 through 27.

76. Defendants Llanes and Taylor committed acts intended to cause Lopez an apprehension of harmful or offensive contact.

77. Defendant Llanes and Taylor committed acts that caused apprehension in Lopez that harmful or offensive contact was imminent.

78. Lopez suffered a harmful and offensive contact when she was tasered and dropped on the floor by Llanes and Taylor.

79. Defendants Llanes and Taylor were acting in the scope of their employment.

80. Defendants Llanes and Taylor acted intentionally but not in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

81. Pursuant to Florida Statute 768.28(9), the City is vicariously liable.

82. As a direct and proximate result of Defendants Llanes and Taylor's Assault and battery, Lopez suffered damages, including mental anguish, bodily injury, pain and suffering, humiliation, embarrassment, loss of earnings, and loss of ability to earn money. The losses are permanent.

For these reasons, Lopez demands judgment against the City for compensatory damages, prejudgment interest on liquidated damages as allowed by law, costs, and such other and further relief as the Court deems appropriate.

### COUNT VII - False Imprisonment Claim
### (Against City of Opa-Locka)

83. Plaintiff realleges paragraphs 1 through 27.

84. Defendants Llanes and Taylor did not have reasonable suspicion or

probable cause to seize or arrest Lopez.

85. Defendants Llanes and Taylor were acting in the scope and furtherance of their employment.

86. Defendants Llanes and Taylor acted intentionally but not in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

87. Pursuant to Florida Statute 768.28(9), the City is vicariously liable.

For these reasons, Lopez demands judgment against the City for compensatory damages, prejudgment interest on liquidated damages as allowed by law, punitive damages, costs, and such other and further relief as the Court deems appropriate.

### COUNT VIII - Negligent Training and/or Supervision
### (Against City of Opa Locka)

88. Plaintiff realleges paragraphs 1 through 27.

89. At all times material hereto, Defendant City owed a duty to take reasonable care in the instruction, training, and supervision of its employees.

90. Defendant City breached its duty owed by several negligent acts, including but not limited to:

   a. Maintaining a policy of ignoring and/or covering up known or suspected misconduct by its officers, including excessive and unreasonable uses of force and unlawful searches and seizures;

   b. Maintaining a policy, plan, and practice of using Opa-Locka Police Department resources to protect its employees from criminal, civil, and administrative consequences of their unreasonable searches

      and seizures and excessive use of force and to protect the City from embarrassment and accountability;

c. Maintaining a policy, plan, and practice of controlling persons and use of force reporting, allowing 1) incomplete statement-taking, 2) incomplete and disingenuous analysis of the force used, 3) understatements of the force used, and 4) overstatement of the resistance that the use of force allegedly responded to;

d. Failing to meaningfully train and/or discipline officers with respect to the appropriate use of force during police-citizen encounters and the proper reporting of incidents that involved the use of force, even after learning of a steady increase in the number of sustained excessive force allegations against Opa-Locka Police Department employees;

e. Failing to properly investigate suspected incidents of excessive force and unreasonable searches and seizures.

91. Defendant City breached its duty owed by negligently instructing, training, and supervising Defendants Llanes and Taylor in the reasonable and safe use of tasers in the performance of his duties as a law enforcement officer and in the reasonable and safe interaction with unarmed suspects without using unlawful violence.

92. As a direct and proximate result of the City's negligent supervision, retention, and training of Defendants Llanes and Taylor, Lopez was subjected to injury, including deprivation of her civil rights and a battery. Lopez suffered

damages, including mental anguish, bodily injury, pain and suffering, humiliation, embarrassment, loss of earnings, and loss of ability to earn money. The losses are permanent.

For these reasons, Lopez demands judgment against the City for compensatory damages, prejudgment interest on liquidated damages as allowed by law, punitive damages, costs, and such other and further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff YOLANDA LOPEZ requests a jury trial as to all counts so authorized.

DATED May 30, 2024.

Respectfully submitted,

**MICHAEL A. PIZZI, JR., Esq.**
*Attorney for the Plaintiff*
Florida Bar No 079545
6625 Miami Lakes Drive, Suite 316
Miami Lakes, Florida 33014
Phone:(305) 986-2277
FAX:  (305) 777-3802
E-mail: mpizzi@pizzilaw.com

By: s/Michael A. Pizzi, Jr.
**MICHAEL A. PIZZI, Jr., Esq.**

**THE STEPHAN LOPEZ LAW FIRM, LLC,**
Attorney for the Plaintiff
14875 NW 77th Avenue, Ste 206
Miami Lakes, FL 33014
Phone: (305) 792-8221
Fax: (754) 551-5400
E-mail: stephan@stephanlopezlawfirm.com
E-serve: e-service@stephanlopezlawfirm.com

<div style="margin-left: 3in;">

By: /s/ Stephan Lopez Esq.
**Stephan Lopez, Esq.** (76959)

**REINER & REINER, P.A.**
*Attorney for the Plaintiff*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282
Fax: (305) 670-8989
E-mail: dpr@reinerslaw.com


BY: _____
**DAVID P REINER II** FBN.: 416400

</div>