UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 1:24-cv-22076-CMA/Reid

**YOLANDA LOPEZ**,

   Plaintiff,

vs.

**CITY OF OPA-LOCKA**, **JOHANE TAYLOR**,

and **GABRIELA LLANES**,

   Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF OPA LOCKA'S MOTION FOR SUMMARY JUDGMENT (DE 73)**

Plaintiff Yolanda Lopez ("Lopez" or "Plaintiff"), pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, opposes the City of Opa Locka's Motion for Summary Judgment (ECF No 73) ("Motion").

**INTRODUCTION AND MOTION[1]**

1. On October 1, 2022, City police sergeant Gabriela Llanes ("Llanes") was working an off-duty detail at the formerly known Opa-Locka Flea Market ("Flea Market") located at 12705 NW 42 Avenue, Opa-Locka, FL 33054. (ECF No. 75-2 ¶5).

2. Plaintiff, YOLANDA LOPEZ ("Lopez"), did not stop oncoming traffic in front of the property to pass out flyers. (ECF No. 89 Ex.'s 4¶ 8-11, 13, 18-24 and Ex 8).

---

[1] In this motion and memorandum, the Plaintiff references its concurrently filed statement of undisputed material facts, or any other document filed in support by the appropriate docket # as follows: "ECF No" with the symbol for paragraph "¶" or P. for page followed by the number of the paragraph or page.

3. Lopez complied with Llanes' order to move her parked vehicle to another location after Llanes moved her patrol vehicle which she used to block Lopez in (ECF No 89 Ex.6 at 81:6-8).

4. Llanes did not witness Lopez engage in any criminal activity. (ECF No 89 ¶8-11,13, and Ex. 8).

5. Llanes arrested, tasered, and threw Lopez to the ground and handcuffed her. (ECF No. 89 Ex.'s 4¶ 24 and Ex 8).

6. Lopez, who is a heavy-set woman, did not resist arrest in fact she told Llanes she would not resist arrest. (ECF No. 89 Ex. 4¶ 22).

7. Lopez pleaded with Llanes not to tase her. (ECF No. 89 Ex.'s 4 ¶22 and Ex. 8 BWC).

8. Lopez did not drop to the ground to avoid arrest but because she was tased and pushed to the ground by Llanes and Taylor. (ECF No. 89 Ex.'s 4 ¶24 and Ex. 8 BWC).

9. Plaintiff sued Sergeant Llanes and Sergeant Taylor for false arrest via 42 U.S.C. § 1983, excessive force via 42 U.S.C. § 1983, assault and battery, and false imprisonment in connection with the October 1, 2022, incident. [ECF No 43] at Counts I-IV.

10. Plaintiff additionally sued the City for assault/battery and false imprisonment. [ECF No 43] at Counts VI and VII.[2]

11. There are genuine issues of material fact as to all claims, and the Plaintiff is entitled to a jury trial as a matter of law on the Second Amended Complaint [ECF No. 43].

WHEREFORE, Plaintiff, YOLANDA LOPEZ, respectfully requests the entry of an order denying summary judgment, setting the case for jury trial, and granting such further relief as this Court deems just and proper.

## MEMORANDUM OF LAW[2]

**A. There is an assault/battery claim (Count VI)**

The City correctly defines assault is defined as an "intentional, unlawful offer of corporal injury to another by force, or force unlawfully directed toward another under such circumstances as to create a fear of imminent peril, coupled with the apparent present ability to effectuate the attempt." *Lay v. Kremer*, 411 So. 2d 1347, 1349 (Fla. 1st DCA 1982).

An assault must be premised upon an affirmative act—a threat to use force, or the actual exertion of force. *Sullivan v. Atl. Fed. Sav. & Loan Ass'n.*, 454 So. 2d 52, 54 (Fla. 4th DCA 1984).

Here, the record video evidence illustrates exactly what Llanes did and how she did it and what Lopez was doing at the time Llanes assaulted her. Lopez was standing on the sidewalk not engaging in any unlawful conduct when Llanes approached her, and along with Taylor arrested her, slapped the phone out of Lopez's hand, violently pushed her against a car, struck, tased and threw Lopez to the ground establishing all of the essential elements of a valid assault claim which happened to be captured on video. (See Arrest Video ECF No. 89 Ex 8). Accordingly, the City's Motion must be denied.

12. Llanes used excessive force, because Lopez did not resist by word or act, and because she had no probable cause to arrest her to begin with. In fact, when Llanes told Lopez she was being arrested, she told the officer she would not resist and asked her not to tase her because she had a heart condition but Llanes tased her not once but twice. (ECF No. 89 Ex. 4 ¶24 and Ex. 8 BWC). This fact is undisputed, Llanes admitted she tased Lopez twice. (ECF

---

[2] The Plaintiff adopts and incorporates all arguments and facts advanced by Plaintiff in opposing summary judgment against the individual defendants Llanes and Taylor in her separately filed motion for summary judgment and supporting statement of facts.

No. 75-2 ¶22).

Lopez posed no immediate threat to Llanes, and even told Llanes about her heart condition and that she (Lopez) would not resist arrest (ECF No. 89 Ex 4 ¶ 22) yet Llanes enlisted Taylor, a much larger man with a history of violence against women (ECF No. 89 Ex 5 at 17:1-25), to help her batter and tase Lopez. Their actions absent probable cause turned "ordinarily protected use of force...[into] a battery." *Kimbrel v. Clark*, 385 So. 3d 1124, 1128 (Fla. 1st DCA 2024), citing *Sanders*. 2024 (inserts added).

The City uses a plethora of cases in its motion covering a variety of different factual scenarios, in which the officers used reasonable force to effect arrests predicated on probable cause but ignores the fact that the Court is confined to applying the law to the facts of this case, and when it does, it too will reach the conclusion that Llanes and Talor's use of force against Lopez was excessive and unreasonable given the circumstances.

In *Brown ex rel. Brown v. Jenne*, the court held that a law enforcement officer's actions of throwing a person to the ground, laying on top of him, and hogtying him, when that person is not suspected of a crime and is not a danger to others, constituted excessive use of force. *Brown ex rel. Brown v. Jenne*, 122 So.3d 881 (Fla. 4th DCA 2012).

in *Kimbrel v. Clark*, conflicting accounts were presented regarding the use of a taser. The appellant claimed the suspect was resisting, while the suspect claimed she was needlessly tased while sitting in the vehicle. The court must consider the totality of the circumstances to determine the reasonableness of the force used. *Kimbrel*, at 1124. Here the use of the taser is unreasonable, especially after Lopez told Llanes that she suffered from a heart condition and would not resist and was not posing a threat to her. (ECF No. 89 Ex 4 ¶ 22). The City's proffered reasons for justifying Llanes' use of force and deployment of her taser on Lopez borders on absurdity. The record is devoid of any evidence supporting Llanes' use of force.

**B. Lopez was arrested without probable cause therefore her false imprisonment claim (Count VII) is ripe for trial by Jury.**

The City is correct that "the validity of an arrest does not turn on the offense announced by the officer at the time of the arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1195–96 (11th Cir. 2002). So long as probable cause existed to arrest Plaintiff for any offense, the arrest and detention are valid even if probable cause was lacking as to some offense, or even all announced charges. *Id.*

The Problem for the City, however, is that neither Llanes nor Taylor had probable cause to arrest Lopez for any crime charged or uncharged stated or unstated and certainly not for resisting arrest—because the arrest itself was unlawful. Llanes testified that Plaintiff was not committing a crime at the time of her arrest, but vaguely stated "she did commit crimes. (ECF No. 89 Ex 1, *Llanes Depo.*, 30: 1-10). There is no record evidence except that which comes from the mouth of Llanes, one of the defendants.

    i.    **Llanes and Taylor were not executing a lawful duty, had no reasonable suspicion or probable cause to arrest for breach of peace.**

In this case Llanes' only legal duty was to protect the flea market from vandalism and theft, she said so herself. (ECF No. 75-2 ¶5) and Taylor did not witness Lopez committing any crime. Taylor testified that none of the Plaintiff's alleged disorderly conduct, breaching of the peace, and obstructing traffic occurred in his presence. (ECF No. 89 Ex 5 *Taylor Depo.*, 65: 14 – 66: 8).

Yet, Llanes went outside her assigned duty area without reasonable suspicion that Lopez was engaging in any criminal activity to detain Lopez. The video and other records do not depict Lopez causing a crowd to gather, stopping traffic or creating any type of disturbance.

The element of lawful execution of a legal duty is satisfied if an officer has either a founded suspicion to stop the person or probable cause to make a warrantless arrest). *See I.Y.D. v. State,* 711 So.2d 202, 203 (Fla. 2d DCA 1998); *Mosley v. State,* 739 So.2d 672, 675 (Fla. 4th DCA 1999).

In this case Llanes' only legal duty was to protect the flea market from vandalism and theft, she said so herself and that walking outside the flea market was not a crime. (ECF 75-2 ¶ 5 and ECF No. 89 Ex 1 at 25:.1-25). But instead, Llanes went outside her assigned duty area without reasonable suspicion that Lopez was engaging in criminal activity outside thus it follows if she had no reasonable suspicion, she had no probable cause to arrest Lopez. Taylor did not witness Lopez engaging in any criminal activity; thus, he had no probable cause to arrest Lopez. Because Taylor was not executing his lawful duty when assisting Llanes arrest Lopez, summary judgment must be denied.

**Even if it is determined that Llanes and Taylor were performing their legal duties, and Lopez resisted, a fact she disputes, because neither officer had probable cause to arrest Lopez, she had the legal right to resist.**

At the time of the arrest, Lopez was not violating any law. That includes breach of peace, or obstructing traffic, (ECF No. 89 Ex 1 *Llanes Depo.*, 71: 9-25). While the City claims that Plaintiff screamed "THIS IS NOT OPA-LOCKA THIS IS MY COUNTRY!" (ECF No 73 p. 11) And this caused a breach of peace, the video evidence and even Llanes herself contradicts e testified at the (15) fifteen second mark of the Arrest Video, that Lopez was not obstructing traffic. (Pl's SMF ¶ 12 hereinafter "ECF No. 90").

At no time during the video is Lopez seen obstructing traffic. Nor causing a crowd to gather. Llanes testified that Lopez was not committing a crime at the time of her arrest, but vaguely stated "she did commit crimes." (ECF No 89 Ex 1 *Llanes Depo.*, 30: 1-10). The City wants on the Court to conclude—without offering it an iota of factual support—that it is what occurred before the video started rolling that matters. But the entirety of the whole arrest was captured on video from beginning to end. Taylor testified that he did not see Lopez engaging in disorderly conduct, and/or obstructing traffic prior to the arrest. (ECF No. 90 ¶ 17, ECF No. 89 Ex 5 *Taylor Depo.*,

65: 14–66: 8). Llanes was working on an off-duty assignment and her lawful duty she was getting paid for was to make sure no one entered the Flea Market and to prevent vandalism and theft. (ECF No. 89 Ex 1. *Llanes Depo.*, 54: 20–55: 6; and 56: 5-13). Llanes admitted that Lopez did not enter the flea market or engage any criminal activity therein. (ECF No. 89 Ex. 1 *Llanes Depo.*, 56: 5-17). Llanes testified that, during the arrest, Plaintiff was crying, was in tears, and was distraught. (ECF No. 89 Ex. 1 *Llanes Depo.*, 62: 7-9; and 95: 22–96:19).

Lopez testified that Llanes never ordered her to stop resisting arrest or told Lopez that she was resisting arrest. (ECF No. 89 Ex. 6 *Lopez Depo.*, 114: 8-11). Lopez also testified that there was a moment when she told Llanes that she was "not going to resist the arrest." (ECF No. 89 Ex.'s 4 ¶ 22 and 6 *Lopez Depo.*, 114: 5-7). Lopez in fear, also told Llanes not to taser her because Plaintiff had a heart condition. (ECF No. 89 Ex.'s 4 ¶ 22 and 6 *Lopez Depo*, 115: 17-20).

  ii.  **Llanes and Taylor did not have Probable Cause to Arrest Lopez for obstructing traffic.**

For the sake of brevity, the Plaintiff relies on the factual and legal support presented in her motion in opposition (ECF No. 93) to Llanes' and Taylor's motion for summary judgment (ECF No. 77).

The City is correct that officers may make an arrest without a warrant when a "violation under Chapter 316 has been committed in the presence of the officer." See Fla. Stat. § 901.15. Here, however, it is highly disputed that Llanes observed Plaintiff impeding oncoming traffic and disrupting the flow of traffic consistent with a violation of Fla. Stat. § 316.2045 because Llanes herself gives conflicting testimony and Taylor did not see it and because the video refutes the suggestion that Lopez intentionally obstructed traffic.

It is undisputed that Lopez was on the sidewalk and not on the road and neither was her vehicle. (Arrest video ECF No. 89 Ex. 8). Lopez testified that she would only take the opportunity to notify those prospective customers (either pedestrians or vehicles trying to pull into the Flea Market not on the road) that the Flea Market had closed, and their businesses moved elsewhere.

(ECF No. 89 Ex 6 *Lopez Depo.*, 79: 12-20) just like the flea market did by posting a sign on the fence. (ECF No. 89 Ex 3).

> i. iii. **Even if Llanes and Taylor were Engaged in the Lawful Performance of a Legal Duty they had no Reasonable Suspicion to detain Lopez or Arguable Probable Cause to arrest her for resisting without violence.**

Even if Llanes and Taylor were engaged in the lawful performance of a legal duty, they needed reasonable suspicion to detain Lopez and if they did not have it, it follows that Lopez's subsequent arrest was unlawful and If "the arrest itself was unlawful, a prosecution for resisting arrest without violence under section §843.02, must also fail." *Johnson v. State,* 395 So.2d 594, 596 (Fla. 2d DCA 1981).

Thus, as a matter of law, even if Lopez had resisted Llanes and Taylor's arrest without violence—if that arrest was absent probable cause, then Lopez was legally authorized to resist that unlawful arrest. See *Jay v. State,* 731 So.2d 774, 776 (Fla. 4th DCA 1999) (holding that the attempted arrest was illegal, so the defendant was free to resist such an arrest without violence).

Lopez contends she did not resist arrest with or without violence and further that neither Llanes nor Taylor had reasonable suspicion she was engaging in criminal activity much less had probable cause to arrest her for any crim. The record evidence requires that the City's motion for summary judgment accordingly be denied.

## CONCLUSION

For these reasons, the City of Opa Locka Motion for Summary Judgment should be denied.

## REQUEST FOR HEARING

Plaintiff asks for a hearing pursuant to Local Rule 7.1(b)(2) for one (1) hour. A hearing will allow the parties to present the complex issues raised in the dismissal pleadings. The hearing will allow the Court to seek input from the parties as to any concerns raised by the pleadings.

Respectfully submitted,

| | |
|---|---|
| | /s/Stephan Lopez |
| **MICHAEL A. PIZZI, JR., ESQ.** FBN: 79545 | **STEPHAN LOPEZ, ESQ.** FBN: 76959 |
| LAW OFFICE OF MICHAEL A. PIZZI, JR., P.A. | THE STEPHAN LOPEZ LAW FIRM, LLC |
| *Co-Counsel for Plaintiff* | *Co-Counsel for Plaintiff* |
| 6625 Miami Lakes Drive, Suite 316 | 14875 N.W. 77th Avenue, Suite 206 |
| Miami Lakes, Florida 33014 | Miami Lakes, Florida 33014 |
| Tel: (305 986-2277; Fax: (305) 777-3802 | Tel: (305) 792-8221; Fax: (754) 551-5400 |
| mpizzi@pizzilaw.com | stephan@stephanlopezlawfirm.com |
| | e-service@stephanlopezlawfirm.com |

**DAVID P. REINER, II, ESQ.** FBN: 416400
REINER & REINER, P.A.
*Co-Counsel for Plaintiff*
9100 So. Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com
eservice@reinerslaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **May 2, 2025**, I filed the foregoing with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/S/Stephan Lopez
**STEPHAN LOPEZ, ESQ.** FBN: 76959

**Service List (via CM/ECF):**

**Christopher J. Stearns, Jr., Esq.**
FBN: 557870
stearns@jambg.com
**Jonathan H. Railey, Esq.**
FBN: 111717
railey@jambg.com
**JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A.**
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304-3113
(954) 463-0100
(954) 463-2444 (fax)
young@jambg.com
nunez@jambg.com
cisaac@jambg.com
*Counsel for Defendant, City of Opa-Locka*

**Lourdes Espino Wydler, Esq.**
FBN: 719811
lew@wydlerlaw.com
**Lauren D. Martin. Esq.**
FBN: 1034166
ldm@wydlerlaw.com
Secondary email:
guertty@wydlerlaw.com
**WYDLER LAW**
2600 Douglas Road, PH-4
Coral Gables, FL 33134
(305) 446-5528
(305) 446-0995 (fax)
*Counsel for Defendants, Taylor and Llanes*